NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0849n.06

No. 11-2545

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| HERBERT W.G. CLANTON, | ) | |
| | ) | FILED |
| Petitioner-Appellant, | ) | **Aug 07, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM A DECISION |
| | ) | OF THE UNITED STATES TAX |
| COMMISSIONER OF INTERNAL | ) | COURT |
| REVENUE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Herbert W.G. Clanton, a Michigan citizen proceeding pro se, appeals a tax court's decision upholding the Internal Revenue Service's determination that Clanton owes additional taxes.

Clanton worked for the Michigan Department of Transportation and was granted a medical layoff from June 7, 2007, until June 7, 2009.  The Department terminated Clanton's employment because he did not return to work after the layoff.  During 2007, Clanton received a distribution from his retirement plan in the amount of $20,984.88.  He did not report this amount in his taxes for that year, and the IRS issued Clanton a notice of deficiency stating that he owed $4,783 in taxes.

Clanton filed a pro se petition with the United States Tax Court, arguing that: (1) he was not retired; (2) the distribution was from an individual retirement account (IRA); and (3) that the distribution was necessitated by financial hardship.  At a hearing before the tax court, Clanton argued that he was not required to pay taxes on the distribution because of the hardships inflicted upon him

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

by his former employer and others when they forced him into unpaid medical leave. The tax court adopted Clanton's characterization of the account as an IRA, determined that he was required to report the distribution in his taxes for 2007, and concluded that he was subject to a ten percent penalty for early distributions from an IRA. However, the tax court did not actually assess the ten percent penalty, and the Commissioner states on appeal that the penalty was improper because Clanton's account was not an IRA, but instead was a plan governed by 26 U.S.C. § 457(b). Thus, the ten percent penalty is no longer at issue.

On appeal, Clanton raises several arguments. He has moved for an injunction, contempt findings against certain entities, a writ of habeas corpus, a writ of mandamus, and other relief.

Clanton has waived review of nearly every argument that he raises on appeal because his pleadings are entirely conclusory, lack factual specificity, and do not clearly explain the basis of his claims. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (alteration in original) (internal quotation marks omitted).

We also conclude that Clanton has not shown that the tax court erred. We review the tax court's findings of fact for clear error and its legal conclusions de novo. *Greer v. Comm'r*, 557 F.3d 688, 690 (6th Cir. 2009). In doing so, we may affirm the tax court's decision on any basis supported by the record. *Wassau Underwriters Ins. Co. v. Vulcan Dev., Inc.*, 323 F.3d 396, 403–04 (6th Cir. 2003).

Whether Clanton's account was an IRA under 26 U.S.C. § 408 or, as the Commissioner argues on appeal, a section 457(b) account, Clanton has not established that the tax court erred in concluding that the distribution was taxable. Clanton's claim is that the $20,984.88 distribution was not taxable. Clanton testified at the hearing before the tax court that he took the distribution to pay for "food, clothing, bills, premiums on insurance, auto insurance, and other nature," and that he did not use the money for medical expenses. Section 408 provides that "[e]xcept as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee . . . ." 26 U.S.C. § 408(d)(1). The referenced subsection does not include any hardship exception, and withdrawals from IRAs are generally

taxable.  *Id.*; *see also Rousey v. Jacoway*, 544 U.S. 320, 331 (2005).  Similarly, distributions from a section 457 account "shall be includible in gross income only for the taxable year in which such compensation or other income" is paid.  26 U.S.C. § 457(a)(1).  Thus, the tax court did not err in concluding that the distribution that Clanton received was taxable.

All pending motions are denied and the tax court's decision is affirmed.